AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO
OCT 24 2024
MITCHELL R. ELFERS
CLERK OF COURT

In the Matter of the Search of )
(Briefly describe the property to be searched )
or identify the person by name and address) )   Case No. 24-1948 MR
)
a black iPhone (Subject Telephone) )
)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property (identify the person or describe the property to be searched and give its location):
a black iPhone, more fully described in Attachment A, which is attached and incorporated herein.

located in the _____ District of _____ New Mexico _____, there is now concealed (identify the person or describe the property to be seized):
See Attachment B, attached and incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is (check one or more):
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1324 | Conspiracy to Transport Illegal Aliens |

The application is based on these facts:
See Affidavit in Attachment C, attached and incorporated herein.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Pablo E. Romero, HSI Criminal Investigator
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
__electronic submission and telephonic swearing__ (specify reliable electronic means).

Date: 10/24/24

_____
Judge's signature

City and state: Las Cruces, New Mexico      Jerry H. Ritter, United States Magistrate Judge
Printed name and title

# ATTACHMENT A

## PROPERTY TO BE SEARCHED

The affidavit, see **Attachment C**, is submitted in support of warrant to search and seize information, more fully described in **Attachment B**, contained in the following electronic device (referred to in **Attachment B** and **Attachment C** as the "Subject Telephone" to include any SIM cards found in or with the Subject Telephone. This warrant authorizes the forensic examination of the entire device for the purpose of identifying the electronically stored information described in Attachment B.

### Subject Telephone/ Subject Telephone #1

The Subject Telephone is a black iPhone, which was seized from Jesus Jose Antonio Vasques on October 1, 2024, in Las Cruces, New Mexico. The Subject Telephone is currently in the custody of the Homeland Security Investigations (HSI) located in Las Cruces, New Mexico, and is depicted in the photographs below:



Page **1** of **1**

## ATTACHMENT B

**PARTICULAR THINGS TO BE SEIZED/INFORMATION TO BE RETRIEVED**

The particular things to be seized include all records, wherever located and in whatever format, stored on the Subject Telephone described in **Attachment A** that are related to violations of 8 USC § 1324, by Jesus Jose Antonio Vasquez including:

1. Phone numbers, names, usernames, email addresses, residential addresses, and other identifying information of co-conspirators and other associates of the user of the Subject Telephone;

2. Audio and video calls made to or from the Subject Telephone, along with the duration and date and time each such communication occurred;

3. Any message logs or messages, whether sent from, to, or drafted on, the Subject Telephone, along with the date and time each such communication occurred;

4. The content of voice mail messages stored on the Subject Telephone, along with the date and time each such communication occurred;

5. Photographs or video recordings, along with the date and time each such photograph or video recording was created;

6. Information relating to the schedule, whereabouts, or travel of the user of the Subject Telephone;

7. Information relating to other methods of communications, including the contents of those communications, utilized by the user of the Subject Telephone and stored on the Subject Telephone;

8. Bank records, checks, credit card bills, account information and other financial records; and

9. Evidence of user attribution showing who used or owned the Subject Telephone, such as social media accounts, email addresses, messages, location information, photographs and videos, phonebooks, saved usernames and passwords, documents, and internet browsing history.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities

described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, HSI shall deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

## ATTACHMENT C
## AFFIDAVIT IN SUPPORT OF ORDER AUTHORIZING SEARCH WARRANT

I, Pablo E. Romero, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of the cellphone described in Attachment A, which is currently in law enforcement possession, and the extraction from that cellphone of the electronically stored information described in Attachment B.

## AGENT BACKGROUND

2. I am a Criminal Investigator with Homeland Security Investigations (HSI), and have been since January 2024. My training and experience includes attending the Federal Law Enforcement Training Center for 24 weeks. During this time, I completed the Criminal Investigator Training Program and HSI Criminal Investigator Training Courses. These courses included exposure to human trafficking, gangs, narcotics, contraband and human smuggling, electronic evidence processing, electronic surveillance, financial investigations, illicit drug trafficking, tracing assets and forfeitures, transnational gangs, virtual assets, and weapons trafficking. Additionally, I served as an Army Military Police Officer from May 2014 to April 2023, where I was responsible for planning, coordinating, and training teams ranging from 20-1200 soldiers in combat, domestic, policing, detainee and displaced civilian operations.

3. I am familiar with the facts and circumstances of this investigation as a result of my personal participation in the investigation, discussions with other agents involved in the

investigation, and review of reports written by other agents and other evidence and materials concerning the investigation.

4. Through my training and experience, I know that alien smugglers often maintain one or more cellular or smart telephones (devices) which they use to further their smuggling schemes. Alien smugglers use these devices to communicate operational directives and information concerning the conduct of the organization's illegal activities to other members of the organization. I know based upon my training and experience that timely communication of information between organizational members is critical to the overall success of an organization's illegal activities. The critical nature of this information is derived from the necessity of the organization's members to provide instructions for the smuggling and transportation of the people being smuggled.

5. I also know that some devices utilize subscriber identity module ("SIM") cards. A SIM card is a chip that is used to authenticate a device to a network. The SIM card generally contains subscriber information and authentication information, and it may contain contacts and encryption information. The portability of SIM cards in some devices allows a user to easily change devices, while maintaining the same telephone number, by removing the card from one device and inserting it into another. While SIM cards may have the capability to store some of the evidence described above, the storage capacity of devices tends to far exceed that of SIM cards. Which information is stored on the SIM card, on the device, or in both locations varies and depends on variables such as the user-defined settings on the device and the memory capacity of the SIM card. Accordingly, information pertaining to alien smuggling activity may be located on the SIM card itself, as well as the device in which the SIM card was inserted.

6.      I further know from my training and experience that a cache of information concerning alien smuggling activities and revealing the identity of the user of the device can be found on these devices. This information includes dialed, received, or missed calls and messages sent, received, or placed in draft status, which can be found on these devices, including in third-party applications (or "apps") with messaging and audio and video calling features, such as Facebook Messenger, WhatsApp, SnapChat. I know that the identities, telephone numbers, and usernames of other participants involved in the alien smuggling activity are often maintained in the contact lists of these devices, including in third-party social media and other applications. In my experience, alien smugglers also use these devices to take and store photographs or video recordings of themselves with their co-conspirators and with contraband including smuggled illegal aliens, currency, and firearms. Alien smugglers also use also use GPS applications (such as Google Maps or Apple Maps), which can reveal their whereabouts when they conducted or arranged alien smuggling activities or travel, as well as establishing identity of the user of the device based on the locations frequented. In addition, alien smugglers can also use these devices to store information related to the financial transactions related to alien smuggling, such as debt ledgers and financial accounts and transactions. In my experience, the devices used by alien smugglers often contain evidence relating to their alien smuggling activities including, but not limited to, contact lists, lists of recent call activity, stored text, chat, and voice mail messages, photographs and video recordings, GPS and location information, and financial accounts and records.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

7. The property to be searched is a black iPhone, and any SIM card or other storage media contained therein, hereinafter referred to as the "Subject Telephone". The Subject Telephone was seized from Jesus Jose Antonio Vasquez on October 1, 2024. The Subject Telephone is currently located at the HSI Las Cruces office in Las Cruces, New Mexico. In my training and experience, I know that the Subject Telephone has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Subject Telephone first came into the possession of HSI.

8. The applied-for warrant would authorize the forensic examination of the Subject Telephone for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

9. Because this Affidavit is being submitted for the limited purpose of establishing probable cause, I have not included each and every known fact regarding the instant investigation. More specifically, I have set forth only pertinent facts that I believe are necessary to establish probable cause to search the Subject Telephone for evidence of violations of 8 U.S.C. § 1324.

10. The request to search the Subject Telephone is based on the following:

11. On October 1, 2024 United States Border Patrol (USBP) agents were on duty near Las Cruces, New Mexico when they were notified via sensor activations of three vehicles traveling on New Mexico County Road (NMCR) 23, a route commonly used by human
10/24/24
smugglers to circumvent the nearby Interstate 10 immigration checkpoint. Agents responded to

the area in a marked USBP vehicle and observed a black sedan at a distance, and red sedan and red SUV traveling on the Interstate 10 overpass that had not passed through the checkpoint. As the agents made a U-turn to drive towards the vehicles to further investigate, two of them pulled over on the side of the overpass. Agents activated their vehicle's emergency lights and pulled in behind the vehicles to conduct an immigration inspection, at which point one of the vehicles, identified as a maroon GMC Yukon, fled at a high rate of speed. A short time later, the Yukon lost control and rolled over onto its roof. Agents observed multiple occupants exit the vehicle and flee on foot through the desert.

12. Agents apprehended seven of the occupants, who admitted they were Illegal Aliens (IAs) who were not in possession of immigration documents allowing them to remain in the United States legally. Agents observed footprints in the area indicating that another subject fled from the rollover and was not apprehended. The subject's shoe impressions showed that he or she was wearing Nike brand shoes and continued to flee through the desert until reaching a nearby road, where it appeared the subject was picked up by another vehicle. Agents subsequently contacted the USBP station in Deming, New Mexico and asked agents there to be on the lookout for the other two vehicles that had been traveling in tandem with the Yukon.

13. Agents near Deming later observed the black sedan in question traveling westbound on Interstate 10. They conducted a stop of the vehicle and, upon approaching, observed a male subject in the back seat who was wearing Nike brand shoes. The subject, who later identified himself as United States citizen Jesus Jose Antonio Vasquez, was also observed to be covered in fresh cuts, scrapes, dirt, and remnants of nearby desert vegetation. Vasquez and the IAs from the Yukon were detained and transported to the USBP station in Las Cruces, New Mexico for further investigation.

14. On October 1, 2024, Homeland Security Investigation (HSI) agents conducted a post-Miranda interview of Vasquez, who admitted to driving the GMC Yukon. He stated that he had possessed and utilized the Subject Telephone at the time of the incident and admitted that the Subject Telephone was in his possession at the time of his arrest. Vasquez stated that he had been recruited by an acquaintance to transport IAs from Las Cruces to Deming at a rate of $900 per IA. Vasquez further stated that Subject Telephone contained messages with co-conspirators regarding the transportation of IAs and coordination of the smuggling attempt.

15. Based on my training, experience, and research, I know that devices, such as the Subject Telephone, possess capabilities that allow them to serve as a wireless telephone, digital camera, and GPS navigation device. Additionally, the Subject Telephone has both web browsing and Wi-Fi capabilities. In my training and experience, examining data, including location data, stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device as well as when the individual used the device and where they were when they used the device.

16. Based upon the information contained in this Affidavit, there is probable cause to believe that the Subject Telephone contains evidence of violations of 8 U.S.C. § 1324: Conspiracy to Transport Illegal Aliens.

## ELECTRONIC STORAGE & FORENSIC ANALYSIS

17. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. This information can sometimes be recovered with forensics tools.

18. **Forensic evidence.** As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Subject Telephone was used, the purpose of its use, who used the Subject Telephone, and when. There is probable cause to believe that this forensic electronic evidence might be on the Subject Telephone because:

   a. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   b. A person with appropriate familiarity with how an electronic device works and the data generated by such devices may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

   c. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a device is evidence may depend on other information stored on the device and the application of knowledge about how a device behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

   d. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

19. **Nature of examination.** Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Subject Telephone consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the Subject Telephone to human inspection in order to determine whether it is evidence described by the warrant.

20. **Manner of execution.** Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

21. Based on the above information, there is probable cause to believe that evidence of violations of 8 U.S.C. § 1324 are located in the Subject Telephone. Therefore, I respectfully request that this Court issue a search warrant for the Subject Telephone, more particularly described Attachment A, authorizing the seizure and examination of the items described in Attachment B.

Respectfully submitted,

_____
Pablo E. Romero
Criminal Investigator

[If telephonic] Electronically submitted and telephonically sworn to before me on October  24   , 2024:

[If in person] Subscribed and sworn to before me on October _____, 2024:

Page **8** of **9**

_____
Jerry H. Ritter
United States Magistrate Judge